FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 9 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01401-BNB

WILLIS LEE ROUSE,

        Applicant,

v.

DOUG DARR, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

        Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Willis Lee Rouse, currently is incarcerated at the Adams County Detention Facility in Brighton, Colorado. Mr. Rouse, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the application liberally because Mr. Rouse is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rouse will be ordered to file an amended application.

The Court has reviewed the application and finds that it is deficient. Mr. Rouse fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S.

257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant

to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P.

8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the

requirements of Rule 8.

The application is verbose, confusing, and refers to attachments that are equally

verbose and confusing.  Mr. Rouse appears to be attacking both his original conviction

in Adams County District Court Criminal Case No. 03-CR-2392 and what appears to be

his most recent conviction in No. 09-CR-2605.  He fails to explain in a succinct manner

how the domestic relations case in Weld County District Court to which he refers is

related to his conviction or convictions.  He does not articulate how his constitutional or

federal statutory rights were or are being violated in a manner that is remediable in

federal habeas corpus.

The Court is not responsible for reviewing any attached documents submitted by

Mr. Rouse to determine what claims and specific facts he intends to raise in this action.

Mr. Rouse also is advised that § 2254 provides a remedy only for violations of the

"Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section

2254 Cases in the United States District Courts, Mr. Rouse must "specify all [available]

grounds for relief" and he must "state the facts supporting each ground."  These habeas

corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See *Mayle v. Felix***, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. **See *Ruark v. Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Although Mr. Rouse's application fails to comply with Fed. R. Civ. P. 8, Mr. Rouse will be given an opportunity to file an amended application that alleges clearly on the Court-approved form both the claims he seeks to raise and the specific facts to support each asserted claim.

Accordingly, it is

ORDERED that Applicant, Willis Lee Rouse, file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rouse, together with a copy of this order, two copies of the following Court-approved form, one of which Mr. Rouse is to use in filing the amended application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Rouse fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without prejudice and without further notice.

DATED June 9, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-01401-BNB

Willis Lee Rouse
Prisoner No.  201100004012
Adams County Detention Facility
PO Box 5001
Brighton, CO 80601

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 form** to the above-named individuals on June 9, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                          Deputy Clerk