FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01401-BNB

WILLIS LEE ROUSE,

    Applicant,

v.

DOUG DARR, Warden, Adams County Jail, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Willis Lee Rouse, currently is incarcerated at the Adams County Detention Facility in Brighton, Colorado. Mr. Rouse initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). ECF No. 1 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). The Court will use this convention throughout this order.

On June 9, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Rouse to file an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 14, 2011, Mr. Rouse filed an amended application (ECF No. 8). On June 17, 2011, Magistrate Boland ordered Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state remedies if

Respondents intended to raise either or both of those defenses in this action. The June 17 order permitted Mr. Rouse to file a reply within twenty-one days of the filing of the pre-answer response. On July 5, 2011, the state attorney general (the government) filed a pre-answer response (ECF No. 14) to the amended application arguing that Mr. Rouse's claims are not exhausted. On July 15, 2011, Mr. Rouse filed a reply (ECF No. 15).

The Court must construe Mr. Rouse's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

On August 11, 2010, Mr. Rouse pleaded guilty to one count of failure to register as a sex offender in Adams County District Court Case No. 09CR2605, and was sentenced to probation for three years. See ECF No. 14 (pre-answer response), ex 1 at 9. On April 1, 2011, probation was revoked, and Mr. Rouse was sentenced to eighteen months in the Adams County Detention Facility. *Id.* at 6-7. He did not file a direct appeal of this conviction or motions for postconviction relief. Instead, on May 25, 2011, he filed the original habeas corpus application in this Court.

The government concedes that the instant action was filed within the one-year limitation period in § 2244(d). Therefore, the Court need not address further the one-year limitation period. As noted above, the government argues that Mr. Rouse's claims are not exhausted.

Mr. Rouse must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The government specifically argues that Mr. Rouse has not exhausted state court remedies for his claims because Mr. Rouse has not filed any state court action in the Colorado Court of Appeals challenging his conviction or sentence. While the forty-five-day period for raising his claims on direct appeal has expired, see Colo. App. R. 4(b), Colorado's three-year time limit on postconviction attacks has not. See Colo. Rev. Stat. § 16-5-402. Therefore, Mr. Rouse continues to have a state remedy for exhausting his habeas corpus claims. The time during which a properly filed state postconviction motion is pending in state court does not count toward the one-year limitation period. See § 2244(d)(2).

Finally, the government notes that Mr. Rouse collaterally attacked a separate Adams County conviction for stalking and appealed from the denial of the unsuccessful postconviction attacks on his stalking conviction. The Colorado Court of Appeals ultimately affirmed those denials, and the Colorado Supreme Court denied certiorari review. Mr. Rouse also has an appeal pending in the Colorado Court of Appeals from the denial of another round of postconviction motions attacking the stalking conviction. Mr. Rouse's collateral attack of the stalking conviction is not relevant to his current attack on his failure to register as a sex offender. The instant action will be dismissed for failure to exhaust state remedies.

Accordingly, it is

ORDERED that the amended application is denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __13th__ day of __September__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01401-BNB

Willis Rouse
Prisoner No. 201100004012
Adams County Detention Facility
PO Box 5001
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 13, 2011.

                              GREGORY C. LANGHAM, CLERK

By: _____
                           Deputy Clerk